IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELADIO CELESTINO,<br><br>    Plaintiff,<br><br>  v.<br><br>RENAL ADVANTAGE INC.,<br><br>    Defendant.<br>_____/ | No. C 06-07788 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Now before the Court is the motion to remand by plaintiff Eladio Celestino ("Celestino") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Having carefully reviewed the parties' papers and considering the relevant legal authority, the Court hereby DENIES Plaintiff's motion to remand.

**BACKGROUND**

On August 15, 2006, Celestino filed suit in the Superior Court of California against defendants Renal Advantage Inc. and RAI - San Leandro, alleging state law claims for wrongful termination and disability discrimination pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq*. (Notice to Adverse Party of Removal to Federal Court ("Notice of Removal"), Ex. 1 ¶ 1.) Although his complaint does not specify any amount, Celestino seeks general and special damages, compensatory damages including lost wages, lost employee benefits and medical expenses, and damages for emotional distress "in an amount according to proof." (*Id.*, Ex. 1 at 3.) In addition, Celestino seeks punitive damages and attorneys fees. (*Id.*)

Celestino is a California resident. (*Id.*, Ex. 1, ¶ 1.) Renal Advantage is a Delaware corporation with its principal place of business in Tennessee. (*Id.*, Ex. 1, ¶ 2.) In his complaint, Celestino alleges that RAI - San Leandro is a California corporation with its principal place of business in California. (*Id.*) However, on October 20, 2006, Renal informed Celestino that RAI - San Leandro is not an existing entity. (Sarro Decl., Ex. 4.) On November 10, 2006, Renal Advantage provided Celestino another notice that RAI - San Leandro does not exist as a legal entity. (*Id.*, Ex. 5.) On December 15, 2006, the Superior Court dismissed RAI - San Leandro from the complaint. (Notice of Removal, Ex. 4.)

On November 21, 2006, Celestino responded to Renal Advantage's form interrogatories. (*Id.*, Ex. 5.) In his response, Celestino stated that he suffered emotional injuries, lost income exceeding $55,457.56, and future income loss estimated at $39,250. (*Id.*, Ex. 5 at 4-5.) On December 20, 2006, Renal Advantage removed the action to this Court on grounds of diversity jurisdiction. (Notice of Removal.) Celestino now moves to remand the action to state court.

## ANALYSIS

### A. Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In order to remove on the basis of diversity jurisdiction, the action may be removed only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in

1 interest properly joined and served as defendants is a citizen of the State in which the action is
2 brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332(a)(1). In addition, the removing
3 party "must show that 'the matter in controversy exceeds the sum or value of $75,000, exclusive
4 of interest and costs.'" *Valdez*, 372 F.3d at 1116 (quoting 28 U.S.C. § 1332(a)).

5 Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding
6 shall be filed within thirty days, by the receipt of the Defendant, through service or otherwise,
7 of a copy of the initial pleading setting forth the claim for relief . . . ." The thirty-day period for
8 filing a notice of removal is triggered when the defendant first receives formal service of
9 process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999).
10 However, in a diversity case, if the initial pleadings do not indicate that federal diversity
11 jurisdiction is available, the removal period does not begin until additional papers are filed
12 indicating that the case is removable. *See* 28 U.S.C. § 1446(b) (providing that the removal
13 period starts to run when the defendant receives a "paper from which it may first be ascertained
14 that the case is . . . removable"). If the initial pleadings provide some indication that removal is
15 available, it is generally held that the defendant has an obligation to determine whether or not
16 federal jurisdiction in fact exists. In such a situation, the removal period begins as soon as the
17 defendant receives a paper containing a clue that removal may be available. *Kaneshiro v. N.*
18 *Am. Co. for Life & Health Ins.*, 496 F. Supp. 452, 460 (D. Haw. 1980) (citing *Grigg v. S. Pac.*
19 *Co.* 246 F.2d 613 (9th Cir. 1957)).

20 **B.     Plaintiff's Motion to Remand.**

21 The parties do not dispute that diversity of citizenship exists. However, Celestino
22 argues that the Court should remand this case because removal was untimely and the
23 jurisdictional amount requirement of 28 U.S.C. § 1332 is not satisfied. (Br. at 2.)

24 **1.     Renal Advantage's Removal Was Timely.**

25 Celestino argues that Renal Advantage did not timely remove this action upon learning
26 that RAI - San Leandro did not exist. (*Id*. at 3.) Diversity jurisdiction requires both a "matter in
27 controversy exceed[ing] the sum or value of $75,000, exclusive of interest and costs, and . . .
28 Citizens of different States." 28 U.S.C. § 1332(a).

3

As of October 20, 2006, Renal Advantage was notified that RAI - San Leandro is not an existing legal entity, and thus knew or should have known that diversity of citizenship existed. (Sarro Decl., Ex. 4.) Celestino's argument that removal on December 20, 2006 was untimely rests on this October date. (Br. at 3.) However, as of October 2006, Renal Advantage did not know the amount in controversy because Celestino's pleading merely alleged damages "in an amount according to proof." (Notice of Removal, Ex. 1 at 3.) No document in this case indicating that the amount in controversy may have exceeded the jurisdictional amount until Celestino responded to interrogatories claiming lost wages. (*See id.*, Ex. 5 at 4-5.) Thus, the earliest date by which Renal Advantage could have ascertained the jurisdictional amount and the existence of diversity jurisdiction was November 21, 2006, the date it received Celestino's responses to interrogatories. (*Id.*, Ex. 5.) Twenty-nine days later, on December 20, 2006, Renal Advantage removed the action to this Court. (*Id.* at 1.) Accordingly, Renal Advantage's removal was timely.

**2.     At the Time of Removal, the Jurisdictional Amount Existed.**

Celestino also argues that the jurisdictional amount of $75,000 was not met because only damages accrued at the time of removal may be counted toward the jurisdictional amount. (Br. at 3.) "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). "The district court determines whether [a] defendant has met this burden by first considering whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied." *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When satisfying the preponderance of the evidence test for jurisdiction, the Ninth Circuit permits courts to consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of

4

1 removal. Conclusory allegations as to the amount in controversy are insufficient." *Matheson v.*
2 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-1091 (9th Cir. 2003) (citing *Singer*, 116
3 F.3d at 377; *Gaus*, 980 F.2d at 567); *see also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th
4 Cir. 2005) (holding that the district court properly considered plaintiff's interrogatory
5 responses).

6 In *Simmons*, an employee filed suit in state court alleging a claim for retaliation and
7 discrimination under FEHA against his former employer. 209 F. Supp. 2d at 1030. The
8 employer removed, and the employee filed a motion to remand, claiming that the employer had
9 not established that the amount in controversy exceeded the jurisdictional amount. *Id.* at 1031.
10 The court found that the employer had met its burden. *Id.* The court considered wage loss
11 incurred after the case was removed, noting that "[a]lthough the court declines to project future
12 wage loss until a hypothetical trail date, it is nonetheless reasonable to expect these damages to
13 exceed" the amount accrued at the time of removal. *Id.* at 1032. Attorneys' fees reasonably
14 anticipated to be incurred after removal were also considered by the court in calculating the
15 jurisdictional amount. *Id.* at 1034-35. The court reasoned that the amount in controversy is
16 determined "based on the damages that can reasonably be anticipated at the time of removal.
17 Similarly, the measure of fees should be the amount that can *reasonably be anticipated* at the
18 time of removal, *not merely those already incurred.*" *Id.* at 1035 (emphasis added).

19 Similarly, in *Brady v. Mercedes-Benz USA, Inc.*, a district court found that the amount in
20 controversy exceeded $75,000 by including in its calculation compensatory damages, punitive
21 damages, the amount of relief from future payments, and a reasonable estimate of attorneys'
22 fees likely to be incurred up to resolution of the case. 243 F. Supp. 2d 1004, 1008-11 (N.D.
23 Cal. 2002). The court noted, "[w]hile an estimate of the amount in controversy must be made
24 based on facts known at the time of removal, that does not imply that items such as future
25 income loss, damages, or attorneys fees likely to be incurred cannot be estimated at the time of
26 removal." *Id.* at 1011 n.4.

27 In *Lamke v. Sunstate Equip. Co., LLC*, a district court found that the jurisdictional
28 amount likely would be met when $60,000 in damages were calculated at the time of removal,

5

1  but "future economic damages (from the filing of the complaint and on)," compensatory
2  damages and punitive damages had yet to be taken into account. 319 F. Supp. 2d 1029, 1033-
3  34 (N.D. Cal. 2004). Finally, in *Beaver v. NPC Int'l, Inc*., the court held that "[t]he claim for
4  attorneys fees, the potential claim for punitive damages, and the claim for front pay, taken
5  together with the $ 37,000 in back pay and non-economic damages specifically sought in the
6  complaint, more likely than not total an amount in controversy greater than the $75,000
7  jurisdictional threshold." 451 F. Supp. 2d 1196, 1200 (D. Or. 2006).

8  The opinions in *Simmons*, *Brady*, *Lamke* and *Beaver* indicate that the amount in
9  controversy includes not only damages accrued up to the time of removal, but also a reasonable
10 assessment of damages likely to be accrued after the time of removal. Here, considering
11 Celestino's responses to form interrogatories, which were attached to the Notice of Removal, it
12 is more likely than not that the jurisdictional amount is met. At the time of removal, Celestino
13 claimed a loss of income and benefits of $55,457.56, plus dental, health and vision benefits and
14 stock options. (Notice of Removal, Ex. 5 at 5.) In addition, he stated that he would be out of
15 work for at least six months following November 2006, the date he responded to form
16 interrogatories. (*Id.*) For the six-month time period, Celestino claimed a total of $39,250 in
17 future income loss, plus benefits, based on a monthly income of $6,541.67. (*Id.*) By
18 Celestino's own interrogatory responses, this future income loss was reasonably anticipated at
19 the time of removal. *See Simmons*, 209 F. Supp. 2d at 1035. Thus, lost wages up to the time of
20 removal, plus future income loss, total $94,707.56. Without even considering Celestino's
21 claims of emotional distress, medical expenses, punitive damages and attorneys' fees – all of
22 which are alleged in his complaint – the amount in controversy exceeds $75,000. (*See id.*, Ex. 1
23 at 3.)

24 Celestino cites two cases supporting the proposition that the amount of controversy is
25 calculated at the time of removal, but none hold that damages may be considered only to the
26 extent that they have already accrued at that time. (Reply Br. at 2.) *See Spencer v. U.S. Dist.*
27 *Court*, 393 F.3d 867, 871 (9th Cir. 2004) (holding that post-removal joinder of a new party did
28 not destroy diversity jurisdiction); *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th

6

1  Cir. 1998) (holding that an amended complaint filed after removal did not affect federal
2  jurisdiction).
3      Celestino also cites *BEM I, LLC v. Anthropologie, Inc..* (Reply Br. at 2, citing 301 F.3d
4  548, 552 (7th Cir. 2002).)  However, *BEM I* is out-of-circuit authority, and the Seventh Circuit
5  imposes a different burden of proof on a defendant seeking to defeat a plaintiff's motion to
6  remand.  *Compare Shaw v. Dow Brands, Inc*., 994 F.2d 364, 366 (7th Cir. 1993) (requiring the
7  defendant to prove "to a reasonable probability that jurisdiction exists") *with Sanchez*, 102 F.3d
8  at 404 (requiring "the defendant must provide evidence establishing that it is more likely than
9  not that the amount in controversy exceeds that amount") (quotations omitted); *see also Brady*,
10 243 F. Supp. 2d at 1010-11 (rejecting the Seventh Circuit's rule including only fees incurred as
11 of the date of filing in the amount in controversy).  Similarly, Celestino's reliance on *Burns v.*
12 *Windsor Insurance Co.* is misplaced.  (Br. at 5.)  In *Burns*, the plaintiff alleged in her complaint
13 damages of "not more than $45,000 plus costs."  31 F.3d 1092, 1094 (11th Cir. 1994).  The
14 Eleventh Circuit noted "the specific nature of plaintiff's damage claim" and required the
15 defendant to prove to a legal certainty that the plaintiff had falsely assessed the case.  *Id.* at
16 1095.  Here, Celestino has not affirmatively declared that he seeks damages of less than
17 $75,000.  Accordingly, none of the cases Celestino cites support remand.  The Court finds that
18 removal was proper because diversity jurisdiction exists.

## CONCLUSION

20     For the foregoing reasons, the Court hereby DENIES Plaintiff's motion to remand.
21 **IT IS SO ORDERED.**

23 Dated: April 24, 2007

                          JEFFREY S. WHITE
                          UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California